**FILED**

APR 1 2 2006 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| UBALDO GALAN,<br><br>        Plaintiff<br><br>vs.<br><br>SOO LINE RAILROAD COMPANY and<br>CP RAIL SYSTEM,<br><br>        Defendants. | )<br>)<br>) 06CV2061<br>) JUDGE ST. EVE<br>) MAGISTRATE KEYS<br>)<br>)<br>)<br>) TRIAL BY JURY DEMANDED<br>)<br>)<br>) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, UBALDO GALAN, by and through his attorneys, WILLIAM J. MCMAHON and HOEY & FARINA, and for his Complaint against the Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM, states as follows:

1. At all pertinent times, Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM, were and are corporations doing business in the States of Indiana and Illinois and maintained and used as part of its railroad system certain tracks in and around Latta, Indiana.

2. At all pertinent times, Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM, operated a railroad system as a common carrier of passengers and freight in and through the various states.

3. On and before April 28, 2003, Plaintiff was an employee of Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM residing in Chicago, Illinois.

4. On April 28, 2003, Plaintiff was on duty as a trackman in the course of his employment by Defendant.

5. At all pertinent times, Plaintiff was performing work for Defendant in connection

with or in furtherance of Defendant's business of interstate commerce and transportation.

6. In the course of his duties as a trackman at that time, Plaintiff was required to and did perform quality control duties including installing and re-installing anchors by hand in the area of Latta, Indiana.

7. While Plaintiff was attempting to install said anchors by hand he was severely injured.

8. The railroad had a anchor spreader at or near the location of Plaintiff's injury on April 28, 2003.

9. The anchor spreader was in good working order.

10. Plaintiff's supervisor refused permission to Plaintiff to use the anchor spreader on April 28, 2003 to install anchors.

11. Plaintiff's supervisor ordered Plaintiff to use a sledgehammer to install the anchors on or before April 28, 2003.

12. Prior to April 28, 2003 the railroad failed to properly program scheduled track and tie replacement on its tracks.

13. Prior to April 28, 2003 the railroad's tie replacement frequency was scheduled too far apart to allow for safe and adequate maintenance of its tracks.

14. On and prior to April 28, 2003 the railroad set unrealistic production schedules for tie gangs that resulted in the gangs hurrying to meet the schedule.

15. On and prior to April 28, 2003 the railroad did not provide sufficient mechanical equipment, such as an anchor spreader, to its track workers.

16. On and prior to April 28, 2003 the railroad did not comply with its own

maintenance procedures, including procedures for anchor replacement.

17. On and prior to April 28, 2003 the railroad cut staffing levels of track maintenance forces; this created an environment where track maintenance forces regularly took shortcuts, developed bad habits and disregarded the guidelines of the CP Rail Procedures Manual.

18. This action arises under, and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq.

19. It was the continuing duty of the Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM, as employers at the time and place in question, to use ordinary care in furnishing Plaintiff with a safe place to work, to provide sufficient manpower and to provide adequate tools.

20. In violation of its duty, Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following careless and negligent acts or omissions:

    a. Failed to adopt, install, implement and enforce a safe method and procedure for quality control during track maintenance, including the installing of anchors;
    b. Failed to provide sufficient personnel to perform the tasks required;
    c. Failed to provide adequate and efficient equipment for quality control during track maintenance, including the installing of anchors; and
    d. Failed to provide Plaintiff with a reasonably safe place in which to work and reasonably safe methods in which to do his work.

21. Defendant's failure to provide Plaintiff with a safe place to work, by one or more of the foregoing negligent acts or omissions, caused, in whole or in part, the injury to Plaintiff.

22. As a consequence, Plaintiff, Ubaldo Galan, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability, as a

- 3 -

further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

23. Plaintiff requests trial by jury.

**WHEREFORE**, Plaintiff, UBALDO GALAN, demands judgment in his favor and against Defendants, SOO LINE RAILROAD COMPANY and CP RAIL SYSTEM, in an amount to be determined by the jury, plus the costs of this suit.

*/s/ William J. McMahon*
Attorney for Plaintiff

William J. McMahon
HOEY & FARINA
542 South Dearborn
Suite 200
Chicago, IL 60605
312/939-1212